FILED

2016 Sep-30  PM 04:00
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **BLACK WARRIOR RIVERKEEPER, INC.** ) | |
| ) | |
| **Plaintiff,** ) | **Case No.: 2:16-cv-01443-AKK** |
| ) | |
| **v.** ) | |
| ) | |
| **DRUMMOND COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>ANSWER OF DRUMMOND COMPANY</u>

Defendant Drummond Company, Inc. ("Drummond") answers the complaint [Doc. 1] as follows:

## **<u>First Defense</u>**

No part of any allegation is admitted by inference or implication. Unless specifically, expressly, and explicitly admitted below, each and every allegation of the complaint is denied. Drummond responds to the separately enumerated paragraphs of the complaint as follows:

### <u>Nature of the Case</u>

1.     Drummond acknowledges that this purports to be a citizen suit pursuant to Clean Water Act ("CWA") § 505, 33 U.S.C. § 1365, but Drummond

denies the propriety of this action and denies that it is liable to plaintiff or any other person or entity for any violation of the CWA.  Any other allegations of paragraph 1 of the complaint are also denied.

2.      It is correct that Drummond owns certain property on the Locust Fork of the Black Warrior River and that, decades ago, Alabama By-Products Corporation, which Drummond later acquired, conducted certain mining operations in the area.  It is also correct that Alabama Power Company owns certain property in the area—including portions of the former underground mine. The allegations of paragraph 2 of the complaint are otherwise denied.

3.      Drummond denies that it is in violation of the CWA with regard to any actions or activities that it conducted on the property it owns or any other property because any and all actions it took on or with regard to the mine site were in compliance with all legal requirements then in effect and/or in compliance with directives of the regulatory authorities that had jurisdiction.  Drummond further denies any liability to plaintiff or any other person or entity based on the allegations of paragraph 3 of the complaint.   Drummond acknowledges that plaintiff intends to add, by amendment, claims under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B), but denies that there is a factual basis for any such claims, denies the legal propriety of any such claims, and denies any liability to plaintiff or any other person or entity under RCRA.

Drummond denies, in particular, that there exists any imminent and substantial endangerment to health and the environment and denies that any dam at the site is in danger of collapse or failure. Drummond specifically reserves any and all additional and further rights, remedies, and defenses to any amendment of this complaint, including with regard to any claim under RCRA, until such time as a responsive pleading is required.

4.      Drummond acknowledges that plaintiff seeks declaratory relief, injunctive relief, penalties, and costs of litigation (including reasonable attorney and expert witness fees), but Drummond denies that plaintiff is entitled to such relief and denies that it is liable to plaintiff or any other person or entity for any such relief, penalties, or costs.

Jurisdiction and Venue

5.      Drummond acknowledges that plaintiff claims that this action arises under CWA § 505(a), 33 U.S.C. § 1365(a), and that plaintiff prematurely claims that jurisdiction exists under RCRA, 42 U.S.C. § 6972(a)(1)(B), and that plaintiff claims federal question jurisdiction exists under 28 U.S.C. § 1331 as well. However, while recognizing that the CWA and RCRA are federal statutes and thus "laws of the United States," Drummond denies the propriety of plaintiff's action under the CWA and under RCRA; and, therefore, the allegations of paragraph 5 of the complaint are denied.

6.     Drummond acknowledges it received a letter dated June 29, 2016 from plaintiff.  Drummond denies the viability, accuracy, or legitimacy of any allegation, including any allegation in the June 29, 2016 letter; denies the relevance or materiality of its receipt of the letter to any claim made in the complaint; and denies any liability based thereon.  Drummond lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 6 of the complaint; the allegations are, therefore, denied.

7.     It is correct that neither the Administrator of the U.S. Environmental Protection Agency ("EPA") nor the State of Alabama has issued a final order not subject to further judicial review under CWA § 309(g), 33 U.S.C. § 1319(g), or comparable state law of the State of Alabama, assessing a penalty for any violations alleged in plaintiff's notice letter or in the complaint.  It is also correct that Drummond has not paid any penalty assessed under the CWA, RCRA, or comparable law of the State of Alabama for any such alleged violations. Drummond denies the relevance and materiality of the allegations of paragraph 7 of the complaint and denies any liability based thereon.

8.     Drummond does not dispute that it received sixty (60) days' notice of plaintiff's CWA claims, but Drummond lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 8 of the complaint; the allegations are, therefore, denied.

9.     It is correct that neither EPA nor the State of Alabama has commenced or is prosecuting a civil or criminal action against Drummond in a court of the United States, or a state court, to require compliance with "the laws, rules, regulations, permits, standards, limitations, and orders" that plaintiff alleges are "at issue" in this case.  It is also correct that neither the United States nor the State of Alabama has commenced an administrative action, or any other action, against Drummond for any violations alleged herein.  It is also correct that plaintiff is commencing this action within 120 days of the date of service of its notice letter.  To the extent that the allegations of paragraph 9 of the complaint are inconsistent with the foregoing or that they purport to be a basis upon which the liability of Drummond to plaintiff, or any other person or entity might be predicated, the allegations are denied.

10.     Venue is not contested; however, Drummond specifically denies any liability to plaintiff or any other person or entity or any liability enforceable by plaintiff.

<u>Parties</u>

11.     Drummond is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the complaint; the allegations are, therefore, denied.

12.     Drummond denies that its "actions" have polluted or degraded the Locust Fork and its tributaries and denies that "local wildlife and aquatic life" have been harmed in any way.  Drummond further denies that "the Maxine Mine is putting" any "significant concentrations of pollutants" into the Locust Fork; denies that any "pollutants make it unsafe to recreate near the mine"; and denies that there is any "possibility of a catastrophic release" of "pollutants" into the Locust Fork. Any remaining allegations of paragraph 12 of the complaint are also denied.

13.     The allegations of paragraph 13 of the complaint are denied, including plaintiff's claim that it has standing to prosecute this action without establishing that standing through individual members.

14.     Drummond acknowledges (a) that it is a corporation formed in the State of Alabama, (b) that it owns certain property rights in land on the Locust Fork of the Black Warrior River in Jefferson County, Alabama, and (c) that a separate corporate entity—Alabama By-Products Corporation ("ABC")—mined coal on the property.  The allegations of paragraph 14 of the complaint are otherwise denied.

## Alleged Factual Background

15.     The allegations of paragraph 15 of the complaint, as collectively stated, are denied.

16.    It is correct that the Locust Fork is a tributary of the Black Warrior River and that it is, to some extent, navigable; the allegations of paragraph 16 of the complaint are otherwise denied.

17.    The allegations of paragraph 17 of the complaint, as collectively stated, are denied.

18.    The allegations of paragraph 18 of the complaint, as collectively stated, are denied.  In particular, any allegation of failure to comply with then-applicable law and of fundamental alteration and degradation of ecological "value" is denied.

19.    The allegations of paragraph 19 of the complaint are nothing more than plaintiff's post hoc interpretation of a document, which interpretation does not constitute fact, and the allegations of paragraph 19 are denied.

20.    The allegations of paragraph 20 of the complaint, as collectively stated, are denied.

21.    The allegations of paragraph 21 of the complaint make reference to certain inspection reports, copies of which are not provided with the complaint, so Drummond is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the complaint regarding what is actually stated by the referenced documents; any allegations based on the referenced documents are, therefore, denied.  Furthermore, to the extent that the

allegations of paragraph 21 are intended to assert the existence of liability on the part of Drummond to plaintiff or any other person or entity, they are denied.

22.     The allegations of paragraph 22 of the complaint are denied.

23.     The allegations of paragraph 23 of the complaint are denied.

24.     The allegations of paragraph 24 of the complaint are denied.

25.     The allegations of paragraph 25 of the complaint are denied.

26.     The allegations of paragraph 26 of the complaint are denied.   The allegation that the dam is in danger of breaching and that such a breach could be catastrophic are further expressly and explicitly denied.

27.     There is no evidence that any geologic overburden at the site is dangerous, that it constitutes any kind of threat to local communities, that it has made any groundwater unsafe to drink, that it is harming aquatic life and wildlife, and/or that it is polluting rivers and streams, so the allegations of paragraph 27 of the complaint are denied.

28.     Drummond is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 28 of the complaint; the allegations of the first sentence of paragraph 28 of the complaint are therefore denied.   The remaining allegations of paragraph 28 of the complaint are denied.

29.     Drummond is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 29 of the complaint; those allegations are, therefore, denied.  The remaining allegations of paragraph 29 of the complaint are denied.

30.     The allegations of paragraph 30 of the complaint are denied including, without limitation, the allegation of "serious water quality impairment consistent with AMD caused by the erosion of the GOB pile," as to the accuracy and validity to any alleged "water testing" undertaken by Riverkeeper and as to the alleged relevance and applicability of EPA's New Source Performance Standard for "acid or ferruginous mine drainage *for an active mining area*" (emphasis added), which the former Maxine mine site clearly is not.

31.     The allegations of paragraph 31 of the complaint are denied.

32.     The allegations of paragraph 32 of the complaint, as collectively stated, are denied.

33.     The allegations of paragraph 33 of the complaint, as collectively stated are denied.

34.     The allegations of paragraph 34 of the complaint are denied.

<u>Count I</u>
Clean Water Act Section 402—
Alleged Illegal Point Source Discharges

35.     Drummond here incorporates by reference its responses to paragraphs 1 through 34 of the complaint.

36.     Section 301(a) of the CWA, 33 U.S.C. § 1311(a), is a statutory provision that speaks for itself as to the content of its text, and Drummond denies any interpretation of said text that would purport to impose liability to plaintiff or to any other person or entity upon Drummond based on plaintiff's allegations in this case.

37.     Section 505(a) of the CWA, 33 U.S.C. § 1365(a), is a statutory provision that speaks for itself as to the content of its text, and Drummond denies any interpretation of said text that would purport to impose liability to plaintiff or to any other person or entity upon Drummond based on plaintiff's allegations in this case.

38.     Section 505(f) of the CWA, 33 U.S.C. § 1365(f), is a statutory provision that speaks for itself as to the content of its text, and Drummond denies any interpretation of said text that would purport to impose liability to plaintiff or to any other person or entity upon Drummond based on plaintiff's allegations in this case.

39.     Paragraph 39 of the complaint apparently states plaintiff's interpretation of Section 505(a) of the CWA, 33 U.S.C. § 1365(a), and of Section 309(d) of the CWA, 33 U.S.C. § 1319(d), but Drummond denies any interpretation

of § 1365(a) and § 1319(d) that purport to impose liability to plaintiff or to any other person or entity upon Drummond based on plaintiff's allegations in this case.

40.   Section 505(d) of the CWA, 33 U.S.C. § 1365(d), is a statutory provision that speaks for itself as to the content of its text, and Drummond denies any interpretation of said text that would purport to impose liability to plaintiff or any other person or entity upon Drummond based on plaintiff's allegations in this case.

41.   The allegations of paragraph 41 of the complaint are denied.

42.   Paragraph 42 of the complaint apparently states plaintiff's interpretation of the term "pollutant" under the CWA, but Drummond denies any allegation in paragraph 42 and of the term "pollutant" that would purport to impose liability to plaintiff or any other person or entity upon Drummond.

43.   The allegations of paragraph 43 of the complaint, as collectively stated, are denied.

44.   The allegations of paragraph 44 of the complaint, and the allegations of plaintiff's notice letter referenced therein, are denied.

45.   The allegations of paragraph 45 of the complaint, as collectively stated, are denied.

46.   The allegations of paragraph 46 of the complaint, as collectively stated, are denied.

47.     The allegations of paragraph 47 of the complaint are denied.

48.     The allegations of paragraph 48 of the complaint are denied.

For further answer to Count I of the complaint, Drummond denies that plaintiff is entitled to the relief requested in this count or any other relief.

<u>Count II</u>
Clean Water Act Section 404—Alleged Illegal Fill Activity

49.     Drummond here incorporates by reference its responses to paragraphs 1 through 48 of the complaint.

50.     Paragraph 50 of the complaint apparently states plaintiff's interpretation of 33 U.S.C. § 1362(5), but Drummond denies any interpretation of § 1362(5) that purports to impose liability to plaintiff or any other person or entity upon Drummond based on plaintiff's interpretation of § 1362(5) or its allegations in this case.

51.     Section 301(a) of the CWA, 33 U.S.C. § 1311(a), is a statutory provision that speaks for itself as to the content of its text, and Drummond denies any interpretation of § 301(a) that would purport to impose liability to plaintiff or to any other person or entity upon Drummond based on plaintiff's interpretation of § 301(a) or its allegations in this case.

52.     Section 505(a) of the CWA, 33 U.S.C. § 1365(a), is a statutory provision that speaks for itself as to the content of its text, and Drummond denies any interpretation of § 505(a) that would purport to impose liability to plaintiff or

to any other person or entity upon Drummond based on plaintiff's interpretation of § 505(a) or its allegations in this case.

53.    Section 505(f)(1), 33 U.S.C. § 1365(f), of the CWA is a statutory provision that speaks for itself as to the content of its text—as are § 505(a), 33 U.S.C. § 1365(a), § 301(a), 33 U.S.C. § 1311(a)—and Drummond denies any interpretation of § 505(f)(1), § 505(a), and/or § 301(a) that would purport to impose liability to plaintiff or to any other person or entity upon Drummond based on plaintiff's interpretation of any of those statutory provisions or its allegations in this case.

54.    Section 505(a) of the CWA, 33 U.S.C. § 1365(a), is a statutory provision that speaks for itself as to the content of its text, as is § 309(d), 33 U.S.C. § 1319(d); and Drummond denies any interpretation of § 505(a) or § 309(d) that would purport to impose liability to plaintiff or to any other person or entity upon Drummond based on plaintiff's interpretation of either of these statutory provisions or its allegations in this case.

55.    Section 505(d) of the CWA, 33 U.S.C. § 1365(d), is a statutory provision that speaks for itself as to the content of its text, and Drummond denies any interpretation of § 505(d) that would purport to impose liability to plaintiff or to any other person or entity upon Drummond based on plaintiff's interpretation of § 505(d) or its allegations in this case.

56.     The allegations of paragraph 56 of the complaint apparently state plaintiff's interpretation of sections 301(a), 404(a), and 404(f)(2) of the CWA, which are statutory provisions that speak for themselves as to the content of their texts.   In any event, Drummond denies the allegations of paragraph 56 of the complaint, including plaintiff's interpretations of the referenced statutory provisions, to the extent they purport to impose liability to plaintiff or any other person or entity upon Drummond.

57.     Paragraph 57 of the complaint apparently states plaintiff's interpretation of certain regulatory provisions from the Federal Register and Code of Federal Regulations as well as the CWA itself, but the regulatory provisions and the CWA speak for themselves as to the content of their texts.   In any event, Drummond denies the allegations of paragraph 57 of the complaint, including plaintiff's interpretations of the referenced regulatory and statutory provisions, to the extent they purport to impose liability to plaintiff or any other person or entity upon Drummond.

58.     The allegations of paragraph 58 of the complaint, and of plaintiff's notice letter, are denied.

59.     The allegations of paragraph 59 of the complaint are denied.

60.    Drummond denies that, under the facts of this case, a § 404 permit was or is required; therefore, the allegations of paragraph 60 of the complaint, as collectively stated, are denied.

61.    The allegations of paragraph 61 of the complaint are denied.

62.    The allegations of paragraph 62 of the complaint are denied.

For further answer to Count II of the complaint, Drummond denies that plaintiff is entitled to the relief requested in this count or any other relief.

Count III<br>Clean Water Act:  Alleged Combined 402 and 404 Violations

63.    Drummond here incorporates by reference its responses to paragraphs 1 through 62 of the complaint.

64.    The allegations of paragraph 64 of the complaint, and in plaintiff's notice letter, are denied.

65.    The allegations of paragraph 65of the complaint are denied.

For further answer to Count III of the complaint, Drummond denies that plaintiff is entitled to the relief requested in this count or any other relief.

Plaintiff's Demand for Relief

A.    Drummond denies that plaintiff is entitled to the judgment demanded or any judgment in its favor.

B.    Drummond denies that plaintiff is entitled to the injunction demanded or any injunction whatsoever.

C.      Drummond denies that plaintiff is entitled to the order or orders demanded or any other order in plaintiff's favor.

D.      Drummond denies the propriety of and its liability for any assessment of civil penalties against Drummond on any basis.

E.      Drummond denies that plaintiff is, or will be, entitled to an award of costs of litigation in any form—whether reasonable attorney and/or expert witness fees and/or otherwise—on any basis.

F.      Drummond denies that Riverkeeper is entitled to an award of any other or different relief.

## **FURTHER DEFENSES**

By way of further answer and response to the complaint, Drummond sets forth the following separate and several defenses without assuming the burden of proof that would otherwise rest with the plaintiff:

## **Second Defense**

Plaintiff has the burden of proving its standing to bring this action, but neither plaintiff nor any of its members can show any injury-in-fact.

## **Third Defense**

Plaintiff, as the party invoking jurisdiction, has the burden of establishing the Court's subject matter jurisdiction, <u>Taylor v. Appleton</u>, 30 F. 3d 1365, 1367 (11th Cir. 1997), but plaintiff has failed to do so.

## **Fourth Defense**

Plaintiff has not made any "*good-faith* allegation of continuous or intermittent violation" as is required by <u>Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.</u>, 484 U.S. 49, 56-63 (1987)(emphasis added).

## **Fifth Defense**

Plaintiff's claims are barred, in whole or in part, to the extent that they are based upon or related to past violations of the Clean Water Act, pursuant to the rule of <u>Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation</u>, 484 U.S. 49, 56-64 (1987).

## **Sixth Defense**

Plaintiff's claims are barred because of Drummond's compliance with the law and with the directives and orders of the Alabama Surface Mining Commission and because of the Mine's reclamation and bond release.

## **Seventh Defense**

Plaintiff's claims are barred, in whole or in part, by Drummond's compliance or substantial compliance with all legal and regulatory requirements.

## **Eighth Defense**

Plaintiff's claims are barred by license.

## **Ninth Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## Tenth Defense

Plaintiff's claims are barred, in whole or in part, by the statute of limitation.

## Eleventh Defense

Plaintiff's claims are barred, in whole or in part, by the defense of necessity.

## Twelfth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, by intervening and/or superseding causes.

## Fourteenth Defense

Plaintiff's complaint fails to state a claim against Drummond upon which relief can be granted.

## Fifteenth Defense

No "navigable waters" or "water of the United States," as those terms are used in the Clean Water Act, have been adversely impacted by any act or omission or discharge by Drummond.

## Sixteenth Defense

No "waters of the State"—as that term is used in the Alabama Water Pollution Control Act, Ala. Code § 22-22-1 et seq., and ADEM Admin. Code R. 335-6-6-.01, et seq.—have been adversely impacted by any act or omission or discharge by Drummond.

## Seventeenth Defense

Drummond reserves the right to assert any additional affirmative defenses and/or matters in avoidance that may be disclosed during the course of additional investigation and discovery.

## Drummond's Demand for Relief

WHEREFORE, having fully answered the complaint, Drummond requests the following relief:

A.     that the Court dismiss the first amended complaint and enter judgment in favor of Drummond on the claims for relief asserted by the plaintiff;

B.     that Drummond be awarded all of its costs of litigation, including attorney and expert witness fees;

C.     that all other costs and expenses of this action be taxed against plaintiff; and

D.     that the Court grant Drummond such other and further relief as the Court deems just, equitable, and proper.

Respectfully submitted,


/s/ Richard E. Davis
William A. Davis, III (ASB-5657-D65W)
Richard E. Davis (ASB-6685-A58R)

STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
Telephone:  (205) 868-6000
Facsimile:   (205) 868-6099
red@starneslaw.com

*Attorneys for Drummond Company, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that Drummond Company's Answer has been filed with the Clerk of the Court using the CM/ECF system which is supposed to send electronic notification of such filing to counsel of record and that this document has also been transmitted in electronic form to the e-mail address indicated for counsel below:

Eva L. Dillard, Esq.
Black Warrior Riverkeeper, Inc.
710 37th Street South
Birmingham, Alabama 35222-3206
edillard@blackwarriorriver.org

Barry Brock, Esq.
Southern Environmental Law Center
2829 Second Avenue South
Suite 282
Birmingham, Alabama 35233
bbrock@selcal.org

Richard Webster, Esq.
Public Justice
1620 L Street NW
Suite 630
Washington, DC 20006
rwebster@publicjustice.net

This 30th day of September, 2016

/s/ Richard E. Davis
Of Counsel