FILED
2021 Aug-27  PM 03:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BLACK WARRIOR RIVERKEEPER, INC.** | )<br>)<br>) |
| Plaintiff, | ) Case No.: 2:16-cv-01443-AKK |
| v. | )<br>) **OPPOSED** |
| **DRUMMOND COMPANY,** | )<br>) |
| Defendant. | )<br>) |

## DRUMMOND COMPANY, INC.'S MOTION TO CONTINUE OCTOBER 2021 TRIAL SETTING

Defendant Drummond Company, Inc. ("Drummond") respectfully requests that the Court continue the October 11, 2021 trial setting for at least six months so that Drummond may continue its remedial activities, which it believes will obviate the need for any trial in this matter. As grounds for this motion, Drummond states the following:

1. From the beginning, the purpose of this litigation has purportedly been to stop low pH water, termed acid mine drainage (or "AMD"), from entering the Locust Fork from the former Maxine Mine site. *See, e.g.,* Compl. (Doc. 1) at ¶¶ 12, 22. As previously reported to the Court, Drummond has been engaged in substantial voluntary remedial work at the site aimed at correcting this very issue. *See* Joint

{B4106948}

Mot. to Continue (Doc. 104) (the parties jointly requesting trial continuance "to allow the site work and mediation to continue").

2.      This work is still in progress. Drummond requested that Black Warrior Riverkeeper, Inc. ("Riverkeeper") join in a motion to continue the current trial setting to allow this work to continue and provide enough data to determine whether the current remedial plan will accomplish a complete remedy, or whether alternate or additional methods will need to be employed. On Tuesday of this week, Riverkeeper informed Drummond that it would oppose a request for a continuance. As explained below, if the goal of this litigation is to remediate the site, that goal is not served by stopping Drummond's remedial work and instead diverting the time and energy of Drummond's consultants and personnel from remediating the site to preparing for and participating in a lengthy and complex trial that will end up at essentially the same place at which the case currently stands without a trial—the effort to develop an effective remedy.

3.      In late July 2020, Drummond engaged Linkan Engineering, and specifically Jim Gusek, to assist it in developing and implementing a site-wide remediation plan. Mr. Gusek is an internationally recognized authority in the passive treatment of mine drainage. Gusek Decl. (Ex. 1) at ¶2. One of his passive treatment projects garnered several awards for engineering excellence. *Id.* He is also the chair of the Mitigation Group of the Metal Mining Sector of the Acid Drainage

Technology Initiative (ADTI) and is the editor/co-author of a book on the prevention and treatment of metal mine drainage, which is equally applicable to coal mine drainage. *Id.*

4. In conjunction with Drummond's existing remediation consultants at Wood Group PLC, Mr. Gusek and his associates at Linkan Engineering have devoted significant time in the past year to testing the site, testing a variety of potential remediation measures, and developing a site-wide remediation plan. Attached hereto as Exhibit 1 is a declaration of Mr. Gusek in which he explains the work done to date, as well as that planned in the future.

5. As explained by Mr. Gusek, there is no "one size fits all" approach to remediating a site. Rather each site requires extensive testing to determine the most effective and appropriate methodologies. Furthermore, the least ecologically harmful approaches should be implemented first, before resorting to strategies that could disrupt or destroy the natural ecology of the site. *Id.* at ¶10. As with any scientifically sound approach to remediation, this process takes time and the remediation process at the former Maxine Mine site is still underway. *Id.* at ¶¶7-18.

6. Attached hereto as Exhibit 2 is a declaration of David Muncher, Drummond's Vice-President of Operations Support who has overseen the remediation work at the site. In his declaration, Mr. Muncher outlines the remediation work performed to date, as well as that planned for the future. Over the

past approximately 13 months Drummond has spent almost $1.2 million in its remediation efforts at the site, and this is *exclusive* of the significant legal fees incurred over that period. *Id.* at ¶4. Also attached to Mr. Muncher's declaration are before and after photographs depicting certain remediation activities, as well as remediation work while in progress. *Id.* at ¶6 and Exs. A, B, and C thereto. Unfortunately, historic amounts of rainfall in both 2020 and thus far in 2021 have caused delays in site work. *Id.* at ¶5. According to published reports, 2020 was the 5th wettest year on record in Birmingham,[1] and 2021 has not been much different. For example, June 2021 was the sixth wettest June ever in Birmingham.[2]

7. Drummond is committed to continuing its remediation efforts to achieve what this lawsuit is purportedly about: bringing water runoff from the Maxine site into the Locust Fork within limits approved by the Alabama Department of Environmental Management. But whether because of dissatisfaction with the pace of the work or some other reason, Riverkeeper is intent on stopping that work and pushing this case to trial before it can be determined whether Drummond's current remediation plan will offer a complete remedy for Riverkeeper's claims. Drummond respectfully submits that the parties', and the Court's, resources are

---

[1] https://bhamnow.com/2021/01/04/2020-was-the-5th-wettest-year-in-birmingham-history/.

[2] https://www.al.com/news/2021/07/soggiest-summer-ever-how-has-alabamas-summer-measured-up-so-far.html.

better used in continuing the remediation work as well as the mediation between the parties and working toward a consent decree which should obviate the need for any trial in this matter.  *See Ohio Valley Env't Coal. v. Elk Run Coal Co., Inc.*, No. CV 3:12-0785, 2015 WL 13050047, at *2 (S.D.W. Va. Feb. 2, 2015) (recognizing in the context of approving a consent decree that a trial would have not only consumed time and resources of the parties and the court, but also "likely would have delayed remediation of ongoing environmental harms").

8. Given the significant amount of work already underway, it is unclear what purpose a trial would serve at this juncture.  It would not speed up any remedy; to the contrary, remediation work would come to a standstill while Drummond's remediation consultants and personnel have to divert their time and resources to preparing for and participating in trial.  Furthermore, if Drummond's remediation plan achieves its goal, no trial would be necessary to afford Riverkeeper the remedy it purportedly filed this lawsuit to obtain.  Finally, in the unlikely event the Court is required to fashion a remedy for the site, that decision will be significantly aided by granting additional time for continued collection of the data that is currently being gathered as to the most effective and ecologically responsible remediation strategies for this particular site.

WHEREFORE, Drummond respectfully requests that the Court continue the current October 2021 trial setting to an available date on the Court's calendar in or

after April 2022. Should the Court desire periodic reports on the status of work at the site in the interim, Drummond is more than willing to provide the same.

Respectfully submitted this 27th day of August, 2021.

Respectfully submitted,

/s/ Richard E. Davis
Richard E. Davis (ASB-6685-A58R)
H. Thomas Wells, III (ASB-4318-H62W)

*Attorneys for Drummond Company, Inc*

Of Counsel

William A. Davis, III (ASB-5657-D65W)
Alfred H. Perkins, Jr. (ASB-3979-R68A)

STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
Telephone: (205) 868-6000
Facsimile: (205) 868-6099
wdavis@starneslaw.com
rdavis@starneslaw.com
aperkins@starneslaw.com
twells@starneslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that Drummond Company, Inc.'s Motion to Continue the October 2021 Trial Setting has been filed with the Clerk of the Court using the CM/ECF system which will to send electronic notification of such filing to counsel of record below:

Eva L. Dillard, Esq.
Black Warrior Riverkeeper, Inc.
710 37th Street South
Birmingham, Alabama 35222-3206
edillard@blackwarriorriver.org

James Hecker, Esq.
Public Justice
1620 L Street NW
Suite 630
Washington, DC 20006
jhecker@publicjustice.net

Barry Brock, Esq.
Christina Andreen Tidwell, Esq.
Southern Environmental Law Center
2829 Second Avenue South
Suite 282
Birmingham, Alabama 35233
bbrock@selcal.org
ctidwell@selcal.org

Hutton Brown, Esq.
Southern Environmental Law Center
10 10th Street NW
Suite 1050
Atlanta, Georgia 30309
hbrown@selcga.org

This 27th day of August, 2021.

/s/ Richard E. Davis
Of Counsel

{B4106948}