# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BLACK WARRIOR RIVER-KEEPER, INC.,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>)<br>**v.** )<br>)<br>)<br>**DRUMMOND COMPANY, INC.,** )<br>)<br>**Defendant.** )<br>) | Civil Action Number<br>**2:16-CV-01443-AKK** |

## MEMORANDUM OPINION AND ORDER

After Black Warrior River-Keeper invited the court to treat its brief on *Cty. of Maui v. Hawai'i Wildlife Fund*, 140 S. Ct. 1462 (2020), as a renewed motion for summary judgment on its groundwater CWA claims, *see* doc. 106, the court accepted this invitation and ordered briefing. *See* doc. 111. BWR appended a declaration from Anthony Brown, one of its experts, to its renewed motion, characterizing the declaration as a supplemental report in light of factors announced in *Maui*. *See* doc. 106-1. Drummond Company filed a motion to strike this declaration. Doc. 113. The motion is briefed, docs. 115–16, and due to be denied.

### I.

Drummond contends that (1) Brown's declaration is untimely, doc. 113 at 2–3; (2) to the extent that the declaration attempts to supplement Brown's prior report, it improperly relies on previously uncited data, *id.* at 5–6; (3) the opinions are

inadmissible under Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), *id.* at 6–7; (4) the report is barred by Rule 703 of the Federal Rules of Evidence, *id.* at 7; (5) the report is irrelevant and/or prejudicial under Rules 401 and 403 of the Federal Rules of Evidence, *id.*; and (6) "briefs are not the appropriate vehicle for submitting evidence," *id.*

A.

The court disposes of the first two of these arguments because Brown's 2021 declaration timely supplements Brown's 2017 report, and Drummond largely fails to specify which statements in Brown's testimony constitute previously uncited data or information. *See* FED. R. CIV. P. 26(e)(1)(A); *id.* 37(c)(1).[1] Moreover, as a general matter, the court can allow the supplementation of an expert report where, as here, there was an important change in law upon which the expert previously based the report, the supplemental report is consistent with the earlier one, and there is no substantial prejudice to the parties. *See Miele v. Certain Underwriters at Lloyd's of London*, 559 F. App'x 858, 861–62 (11th Cir. 2014); *Rockhill-Anderson v. Deere & Co.*, 994 F. Supp. 2d 1224, 1239 (M.D. Ala. 2014); *Aylus Networks, Inc.*

---

[1] A party who has made a disclosure under Rule 26(a) must "supplement or correct its disclosure or response" in a timely manner if the party "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A). Under Rule 37(c), if a party fails to provide information as required by Rule 26(a) or 26(e), the party may not use that information to supply evidence on a motion, at a hearing, or at a trial unless the failure was "substantially justified" or "harmless." FED. R. CIV. P. 37(c)(1); *Nance v. Ricoh Elecs., Inc.*, 381 F. App'x 919, 922 (11th Cir. 2010).

*v. Apple Inc.*, No. 13-cv-04700-EMC (KAW), 2015 WL 6559577, at *2 (N.D. Cal. Oct. 30, 2015).

Further, when BWR sought previously to strike components of Drummond's experts' opinions, it made line-by-line objections, enabling the court to parse with specificity the statements with which BWR took issue, and, in some instances, to reject certain claims as failing to show they warranted exclusion. *See, e.g.*, docs. 66 at 2; 66-1 at 4. *See also* doc. 115 at 8 (citing doc. 92 at 19 n.7, 25 n.11). By contrast, Drummond does not provide objections by line or paragraph and instead suggests that the entire declaration constitutes "new opinions and analysis."[2] *See, e.g.*, doc. 113 at 3. This blanket contention is belied by a review of the supplemental 2021 declaration, as compared with the 2017 report. In the declaration at issue, Brown states that he "focus[es] on the discharge of polluted groundwater at the Lower Dam, where such an estimate was provided in [his 2017] expert report" and "revisit[s]" his 2017 report to analyze the groundwater data under the *Maui* factors. Doc. 106-1 at 4–5. Indeed, statements and paragraphs in the challenged declaration expressly cite the 2017 report and purport to utilize previously known data and information to calculate factors emphasized by the *Maui* Court (*e.g.*, pollutant transit time). *See id.*

---

[2] There is one aspect of Brown's 2021 declaration that Drummond calls out specifically in its motion: Brown's illustration, Attachment 2. *See* doc. 113 at 5. *See also* doc. 112 at 9. However, as BWR asserts, this illustration is based on Brown's 2017 report and demonstrates the groundwater discharge paths that Brown described in narrative form in the 2017 report. *See* doc. 53-6 at 76–78. Regardless, the court has chosen not to rely on this illustration in ruling on BWR's renewed motion for summary judgment.

at 4–6. Thus, it is not obvious to the court that it should strike the entirety of Brown's 2021 declaration as new and untimely.

While the motion to strike lacks specifics, the court does not review it in a vacuum. In that respect, while reviewing Drummond's response to BWR's motion for summary judgment, *see* docs. 106; 112, the court observed that Drummond specifically describes several calculations in Brown's current declaration as "new and previously undisclosed" or "speculative and new" while referencing its motion to strike. *See* docs. 112 at 1 n.1, 10; 113. In particular, Drummond refers to "Brown's time calculation," doc. 106-1 at 7, and "Brown's assertions regarding how 'pollutants' travel," *id.* at 7–8, as new or previously undisclosed before concluding that "[t]he same is also true of the remainder of Brown's efforts to offer his 'legal' opinion regarding the application of the *Maui* factors to portions of the existing record and his untimely, previously undisclosed, and new opinions." Doc. 112 at 10–11 (citing doc. 106-1 at 8–15).

Given Drummond's explicit references to Brown's "time calculation" and description of "how 'pollutants' travel" in its response to BWR's motion for summary judgment, *id.* at 10 (citing doc. 106-1 at ¶¶ 16–19), the court has assessed whether it should strike these particular statements from the record. However, these calculations purport to draw on preexisting data and site visits described in Brown's 2017 report, and they appear to supplement the 2017 report in order to illuminate

4

facts bearing on the previously irrelevant (or, at least, less significant) factors made significant in 2020 in *Maui*. The court is therefore unpersuaded by the arguments in Drummond's motion to strike briefing and in its response to BWR's motion for summary judgment, *see* docs. 112; 113; 116, that these calculations and statements are derived from previously undisclosed sources. And, regardless, the calculations are consistent with the findings outlined in Brown's 2017 report.

In addition, without more specific direction from Drummond, the court will not take a fine-toothed comb to the entirety of Brown's 2021 declaration to assess whether other statements, if any, may require exclusion. At this juncture, the court agrees with BWR that the bulk of the 2021 declaration sharpens and condenses the 2017 report and provides new information only to the extent that *Maui* made this information relevant, rendering it a timely and proper supplementation. Thus, the motion to strike is not due to be granted on these grounds.

B.

The court is similarly unpersuaded by Drummond's contentions regarding the alleged inadmissibility of Brown's declaration under Rules 702 and 703 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). *See* doc. 113 at 6–7. Drummond asserts that Brown's testimony is inadmissible under Rule 702[3] and *Daubert* because

---

[3] Rule 702 "provides that expert testimony is admissible if (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product

it "is not based on sufficient facts or data," "is not the product of reliable principles and methods," and "[does] not reliably appl[y] reliable principles and methods to the facts of the case." *Id.* And, as to Rule 703,[4] Drummond states that the testimony is "speculation based on an absence of data [and] is not a proper basis for an admissible 'expert' opinion." *Id.*

But Drummond makes no further arguments on these points, leaving it unclear which statements violate these aspects of Rules 702 and 703. For example, Drummond does not explain which facts or data are insufficient to support Brown's 2021 declaration—or which facts or data in his 2017 report underlying the declaration are insufficient—and fails to state why the methods Brown utilized or utilizes cannot constitute reliable means for reaching sound conclusions on the basis of that data. In its response to BWR's motion for summary judgment, Drummond highlights this point again and specifically states that Brown's estimates regarding hydraulic conductivity, hydraulic gradient, total GOB porosity, and average linear groundwater velocity are "based on insufficient actual data and are speculative assertions about phenomena that cannot be seen and have not been the subject of

---

of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case." *St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, 5 F.4th 1235, 1244 n.7 (11th Cir. 2021) (citing FED. R. EVID. 702).

[4] Under Rule 703, "experts can base their opinion on facts or data in the case 'that the expert has been made aware of.'" *St. Louis Condo. Ass'n, Inc.*, 5 F.4th at 1245 n.8 (citing FED. R. EVID. 703).

testing." Doc. 112 at 10 (citing doc. 106-1 at ¶¶ 12–14). Yet Drummond does not provide *why* these calculations are predicated on insufficient data or testing, such as by rebutting BWR's expert with opposing expert opinions.[5] These conclusory arguments are insufficient to strike the specific statements from Brown's declaration on the basis of Rule 702 or 703.

C.

Similar reasons endorse the rejection of Drummond's argument that Brown's report is irrelevant and/or prejudicial under Rules 401[6] and 403[7] of the Federal Rules of Evidence. *See* doc. 113 at 7. Again, there are no specifics—the motion to strike restates the general gist of these provisions but does not refer to the statements or paragraphs in Brown's declaration that are irrelevant or unfairly prejudicial. And in

---

[5] Drummond states that "Brown acknowledges that he has no hydraulic head data on which to base his opinion about the elevation of groundwater beneath the GOB pile, or its allegedly 'radially outward groundwater flow.'" Doc. 112 at 9. Drummond proceeds to conclude that "[w]ithout such data, flow cannot be calculated, and any estimations would be merely speculative and, therefore, inadmissible." *Id.* at 10. However, Drummond does not support this contention with citations to its own experts, in prior reports or otherwise, leaving the court unable to conclude that Brown's 2021 declaration is predicated on insufficient data or estimations. Though Drummond's opposition to BWR's renewed motion for summary judgment cites several pages from AMEC Foster Wheeler's 2017 report that arguably address these points, these portions do not sufficiently raise a genuine dispute as to Brown's groundwater-related opinions.

[6] "Evidence is relevant if (a) it has the tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.

[7] "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

its response to BWR's motion for summary judgment, Drummond merely states that "Brown's assertions regarding how 'pollutants' travel are either irrelevant or speculative and new" and that "[t]he same is also true of the remainder of Brown's efforts to offer his 'legal' opinion." *See* doc. 112 at 10.

Based on these assertions, only one of which pinpoints a particular statement in Brown's 2021 declaration, the court is not convinced that the declaration is irrelevant under Rule 401. To the contrary, Brown's declaration provides an analysis of data regarding groundwater flows and pollution at the site in question in light of seven "factors that may prove relevant" under the Supreme Court's recently announced "functional equivalent" test for groundwater CWA claims. *See* doc. 106-1 at 4–6; *Maui*, 140 S. Ct. at 1476. Facts potentially bearing on the application of *Maui* to the instant case are certainly relevant to the resolution of the motion for summary judgment as to BWR's groundwater CWA claims.

Moreover, it is not clear on the briefing before the court why permitting Brown's declaration would be unfairly prejudicial to Drummond. Drummond asked the court for a stay in February 2019 due to the *Maui* case then pending before the Supreme Court and noted correctly that *Maui* involved "a key issue that is also presented in this case." Doc. 82 at 1. Over BWR's opposition, the court granted the stay. *See* docs. 88; 93. Drummond cannot inject this issue—which rightly warranted a stay—and then move to block BWR from addressing the relevant subsequent

8

ruling through a supplemental expert report it could not have produced prior to *Maui*. Further still, Drummond also had time to submit its own revised expert report or to challenge BWR's expert report more substantively.[8]  Thus, the motion to strike is due to be denied on these grounds.

D.

Finally, Drummond claims that Brown's declaration "[is] not the appropriate vehicle for submitting evidence," especially "by having Brown make further inappropriate legal arguments as well." Doc. 113 at 7.  Drummond does not support this assertion with citations to Brown's declaration to indicate where he improperly ventured into legal analysis.  Drummond acknowledges that Brown's calculations are derived from the "standard elements of the science of groundwater analysis," doc. 116 at 4, and it is unclear where Drummond draws the line between supplemental scientific analysis and inappropriate legal argumentation.  As noted, Drummond could have submitted its own updated expert report in light of *Maui*.

---

[8] This case has been ready for trial since 2019.  Though Drummond asserts that "BWR chose to wait for well over a year [after *Maui*] until it moved for a 'renewed' partial summary judgment on its groundwater claims for Brown to 'supplement,'" doc. 116 at 1, Drummond ignores that it sought a stay in February 2019 in light of *Maui*, doc. 82, the court granted the motion to stay, doc. 93, and then both parties moved to lift the stay in July 2020, doc. 98.  The court granted this motion, doc. 99, and, in February 2021, the parties jointly sought to delay the April 2021 trial in light of Drummond's remedial site work and the need for a "generous briefing schedule" regarding the applicability of *Maui* to BWR's groundwater CWA claims.  *See* doc. 104.  The court granted this motion as well, resetting the trial for October 2021.  Doc. 105.  Afterward, Drummond moved to delay the October 2021 trial in light of its remedial activities, doc. 108, and the court granted this motion over BWR's objection, docs. 109; 111.  It is therefore inaccurate to suggest that BWR delayed the *Maui*-related groundwater CWA issue on its own or that BWR inexcusably delayed reasserting the motion for summary judgment on its groundwater CWA claims.

9

That Drummond did not do so does not foreclose BWR's supplementation of its earlier expert report with a consistent declaration from the same expert, highlighting facts that support BWR's argument that it has apparently satisfied the test announced in *Maui*. The motion to strike is due to be denied on this ground as well.

## II.

To close, Drummond cannot rightly inject an important issue related to BWR's claims—*Maui*'s application to groundwater under the CWA—and then attempt to block a supplemental report on this issue without more particularized, substantiated objections. Drummond's motion to strike, doc. 113, is **DENIED**.

**DONE** the 12th day of January, 2022.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE