UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BLACK WARRIOR RIVER-KEEPER, INC., ) ) ) ) Plaintiff, ) ) v. ) ) DRUMMOND COMPANY ) ) ) Defendant. ) _____ ) | Case No. 2:16-cv-01443-AKK |

Plaintiff Black Warrior Riverkeeper Inc's Statement of
Damages and Equitable Relief Sought

Plaintiff Black Warrior Riverkeeper Inc. ("BWR") submits its Statement of Damages and Equitable Relief Sought pursuant to this Court's Pretrial Procedures as follows:

1. <u>Damages:</u>

Plaintiff does not seek damages in this case.  Rather, this is an action for injunctive relief and statutory penalties which, if awarded, go to the United States Treasury, not Plaintiff, and do not reflect any "damage" to Plaintiff.[1]  Thus,

---

[1] Plaintiff will seek to have the Court assess a civil penalty not to exceed $59,973.00 per day per violation for each and every actionable violation of the CWA proven to have occurred in the last five years, in accordance with CWA §

Plaintiff does not believe that any disclosure as to "damages" is called for by Paragraph 1 of this Court's Standard Pretrial Procedures, which is Exhibit A to the Pretrial Order.[2]

2. <u>Equitable relief.</u>

Once a violation of the Clean Water Act is found, as the Court has found here[3], an injunction that prohibits further violations is fully within the Court's powers. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 318 (1982). The manner and extent to which the Court's injunction details specific remedial measures to be employed to obtain compliance is within the Court's discretion, although some remedy must be imposed. *United States v. Oakland Cannabis Buyers' Co-op*, 532 U.S. 483, 497-98 (2001) (remedy question "is simply whether a particular means of enforcing the statute should be chosen over another permissible means; [the] choice is not whether enforcement should be preferable to no enforcement at all.") Consequently, this Court should exercise its equitable discretion to prohibit Drummond from continuing to discharge its polluted surface water and groundwater to Locust Fork in violation of the Clean Water Act and Alabama

---

505(a), 33 U.S.C. § 1365(a) (*see* 40 C.F.R. Part 19; 40 C.F.R. §19.4).

[2] Under the fee shifting provisions of the Clean Water Act, attorneys' fees and expenses are also awardable in this case, although they are also not "damages." Plaintiff will petition for such fees and expenses (which are ongoing through the trial) following the Court's final Order in this case which we believe will, along with the Court's prior Orders, justify such a recovery.

[3] ECF 93, 122.

Water Quality Standards.

Here, Plaintiff seeks an injunction ordering Drummond to cease all ongoing and continuing Clean Water Act violations, both as to illegal discharges and fill activity, and to comply fully with the relevant provisions of the Clean Water Act and the Alabama Water Quality Standards as measured at the point of discharge. Plaintiff is agreeable to a reasonable but limited time-period in which Drummond must come into full compliance. Such an injunction should require, without limitation, Drummond to file a report within 30 days of the injunction date reporting its plan to achieve compliance and should order Drummond to monitor its discharges at least once a week and provide monthly progress reports on its compliance status. The injunction should allow Plaintiff to file comments and objections to the plan. The Court should impose penalties as necessary for failure to comply with this Order.

The Court should further order Drummond to remediate and restore what is referred to in this case as Tributary 1, which has been buried by the illegal fill activity under Drummond and its predecessor. Such a remedial Order is fully supported in the case law. *United States Pub. Interest Research Group v. Atl. Salmon of Me.,* 339 F.3d 23, 31 (1st Cir. 2003) ("Nothing in [the CWA] language precludes, as part of this enforcement authority, measures remediating the harm caused by an existing violation, nor have we been cited to any legislative history or

circuit precedent imposing such a limitation."); *see also U.S. v. Deaton*, 332 F.3d 698 (4th Cir. 2003) (affirming permanent injunction to restore affected area to "pre-violation condition").

Plaintiff intends to file a pretrial brief by the Court's deadline further addressing remedy. Also, since the trial of this case will largely focus on remedy, Plaintiff reserves the right to supplement its remedy request in any post-trial briefing.

Respectfully submitted this 11th day of April, 2022.

**s/Barry Brock**
Barry Brock (ASB-9137-B61B)
Southern Environmental Law Center
2829 Second Avenue S., Ste. 282
Birmingham, AL 35233
tel: (205) 745-3060
fax: (205) 745-3064
bbrock@selcal.org

Hutton Brown (*admitted pro hac vice*)
Chris Bowers (*admitted pro hac vice*)
Southern Environmental Law Center
Ten 10th Street NW #1050
Atlanta, GA 30309
tel: (404) 521-9900
fax: (404) 521-9909
hbrown@selcga.org
cbowers@selcga.org

James Hecker (*admitted pro hac vice*)
Public Justice
1620 L Street NW, Ste. 630
Washington, DC 20006
tel: (202) 797-8600
fax: (202) 232-7203
jhecker@publicjustice.net

Eva L. Dillard (ASB-4118-A59E)
Black Warrior Riverkeeper, Inc.
710 37th Street South
Birmingham, AL 35222-3206
tel: (205) 458-0095
fax: (205) 458-0094
edillard@blackwarriorriver.org

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 11th day of April, 2022, the foregoing Plaintiff Black Warrior Riverkeeper Inc's Statement of Damages and Equitable Relief Sought was filed with the Clerk of Court using the CM/ECF system which will send notifications of such filing and service copies to the following:

William A. Davis, III
Richard E. Davis
Alfred H. Perkins, Jr.
H. Thomas Wells, III
Starnes Davis Florie, LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
tel: (205) 868-6000 fax: (205) 868-6099
RDavis@starneslaw.com
TDavis@starneslaw.com
APerkins@starneslaw.com
TWells@starneslaw.com

*Attorneys for Defendant*