IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BLACK WARRIOR RIVER-KEEPER, INC.,**    ) ) ) | |
| Plaintiff,    ) ) | |
| ) | Case No. 2:16-cv-01443-AKK |
| v.    ) ) | |
| **DRUMMOND COMPANY, INC.,**   ) ) | |
| Defendant.    ) | |

### BLACK WARRIOR RIVERKEEPER'S
### MOTION AND BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EXPERT REPORT AND OPINIONS OF CINDY HOUSE-PEARSON

Plaintiff Black Warrior Riverkeeper ("Riverkeeper"), by and through counsel, moves *In Limine* for an order striking the expert report of Ms. Cindy House-Pearson and excluding Ms. House-Pearson from offering opinions at trial set forth in her so-called "Rebuttal Report" dated April 8, 2022, under Fed.R.Civ.P. 37(c) and Federal Rule of Evidence 702.

In further support of its Motion, Riverkeeper states the following:

1.  Riverkeeper filed this citizen suit (Doc. 1) under the Clean Water Act, 33 U.S.C. § 1365, on September 1, 2016, to address Drummond's ongoing and continuous unpermitted discharges of acid mine drainage ("AMD") and/or other

pollutants from the Maxine Mine site into the Locust Fork of the Black Warrior River and tributaries of the Locust Fork.

2. The Court issued a Scheduling Order (Doc. 16) in November 29, 2016, which provides that expert reports were due from Riverkeeper by September 5, 2017, and from Drummond by October 5, 2017. Doc. 16 at 3.

3. On March 24, 2017, Riverkeeper served discovery requests on Drummond, which included requests seeking the disclosure of all opinions of Drummond's experts including identification of the basis of those opinions supporting any and all defenses to Riverkeeper's liability and remedy allegations.

4. Drummond Moved for Summary Judgment as to all of Riverkeeper's claims in August 2018, in part arguing that Riverkeeper's Clean Water Act ("CWA") § 404 claims are barred under the theories of "grandfathering and reliance." Doc. 49 at 29–31 and n. 22. This Court rejected Drummond's legal arguments in its May 7, 2019 Memorandum Opinion and Order, addressing Drummond's argument "that retroactive application of the [U.S. Army's] Corps' 2002 'fill material' definition is inequitable, and that the Corps' 1991 'grandfathering' provisions should apply to preclude liability under CWA § 404." Doc. 93 at 49–50; 54–56.

5. After the trial of the case was continued in September 2021 at Drummond's request, to allow Drummond additional time to prepare a remedy

proposal, the Parties agreed to exchange initial and rebuttal expert disclosures on remedy issues. *See, e.g.,* April 10, 2022, email from Barry Brock to Richard Davis, Attachment 1 (PDF p. 4).

6. On the April 8, 2022 remedy rebuttal expert disclosure deadline, Drummond provided a supposed *rebuttal* report of Ms. Cindy House-Pearson, who opined that "Drummond was not required to have a § 404 CWA permit to discharge fill material into the valley or on-site streams due to § 404 regulations at the time of the filling activity." Attachment 2 at 1. None of Riverkeeper's experts have offered opinions as to the applicability of Clean Water Act Section 404 to this case. April 10, 2022, email from B. Brock to R. Davis, Attachment 1 (PDF p. 4). Furthermore, Ms. House-Pearson's 3-page report simply revisits the legal arguments Drummond raised in its failed Motion for Summary Judgment briefs in the guise of a rebuttal expert opinion on remedy. *See* Doc. 49 at 29–31 and n. 22.

7. Riverkeeper's counsel requested that Drummond withdraw the House-Pearson report, on the grounds that (1) the disclosure pertains to liability issues, contrary to counsel's agreement to disclose rebuttal experts bearing solely on issues of remedy in its April 8th disclosures; (2) the House-Pearson report improperly raises new opinions on the eve of trial in the final round of expert disclosures, following years of litigation, that do not rebut any remedy opinions offered by Riverkeeper's experts; and (3) the opinions of Ms. House-Pearson are

3

impermissible legal opinions on issues already considered and decided by this Court. April 10, 2022, email from Barry Brock to Richard Davis and April 14, 2022, email from Barry Brock to Richard Davis. Attachment 1 (PDF pp. 1, 4). Drummond rejected Riverkeeper's request. April 12, 2022, letter from R. Davis to B. Brock at 1, Attachment 3 (PDF pp. 5-7).

## ARGUMENT AND AUTHORITIES

"[T]he admission or exclusion of expert testimony is a matter within the sound discretion of the trial judge." *McDowell v. Brown*, 392 F.3d 1283, 1294 (11th Cir. 2004). "Expert testimony may be admitted into evidence if: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 562 (11th Cir. 1998). Here, Drummond, "[t]he party offering the expert has the burden of satisfying each of these three elements by a preponderance of the evidence." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1292 (11th Cir. 2005).

Fed.R.Civ.P. 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to

use that information or witness" at trial, "unless the failure was substantially justified or is harmless." Finally, because the purpose of Fed.R.Civ.P. Rule 26's expert witness disclosure requirement is "to safeguard against surprise[,]" "courts routinely strike expert reports or exclude expert testimony which is not timely disclosed, even if the consequence is to preclude a party's entire claim or defense. *Warren v. Delvista Towers Condo. Ass'n, Inc.*, No. 13–23074–CIV, 2014 WL 3764126, at *1 (S.D.Fla. July 30, 2014) (*citing Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1348-49 (11th Cir. 2004)).   In analyzing whether to strike late disclosed expert testimony, courts will consider factors including "[1] the history of the litigation, [2] the proponent's need for the challenged evidence, [3] the justification for the late disclosure, and [4] the degree of prejudice and whether it can be cured or ameliorated." *Warren v. Delvista Towers Condo. Ass'n, Inc.*, No. 13–23074–CIV, 2014 WL 3764126, at *2.

All of these factors call for exclusion of Ms. House-Pearson's expert opinions at trial and striking the report from evidence.

Drummond's violation of Clean Water Act § 404, and hence its applicability to Drummond's illegal filling activity, has been at issue since the outset of this case. *E.g.,* Second Amended Compl. Count II (CWA "Section 404 – Illegal Fill Activity", ¶¶ 59-72), Count III ("Combined 402 and 404 Violations", ¶¶ 73-75). Doc. 22-1. Riverkeeper first disclosed its expert opinions supporting these liability

5

allegations back in 2017 pursuant to this Court's scheduling order (Doc. 16), and Drummond has not only had ample opportunity to seek discovery concerning those allegations and disclose counter experts for the past five years as required per Fed.R.Civ. 26(a) and (e)), it affirmatively moved for Summary Judgment as to its § 404 liability back in 2018, specifically raising the legal arguments that it belatedly seeks to revive through Ms. House-Pearson's purported expert testimony. *Compare* Drummond's August 15, 2018, Motion for Summary Judgement, Doc. 49 at 30 n. 22 (arguing 2002 Corps. Definition of "fill material" is inapplicable to pre-2002 filling activities) *with* House-Pearson April 8, 2022, expert report Attachment 2 at 1 (same). Drummond's prior attempt at raising these legal arguments at summary judgment in 2018 belies its purported need for Ms. House-Pearson's testimony at trial, as this Court has *already* decided the issue adverse to Drummond in its May 7, 2019, ruling. Doc. 93 at 49–50; 54–56. As this Court explained in its 2019 ruling, Drummond argued on summary judgment that to hold it liable for violations of Clean Water Act § 404 for pre-2002 conduct would amount to an impermissible retroactive application of "the Corps' pre-2002 definition of 'fill material' [which] excluded unpermitted discharges that were for the 'primary purpose' of waste disposal[,]" Doc. 93 at 54 – a legal issue that Drummond belatedly seeks to re-litigate at trial via House-Pearson's opinions, *e.g.,* House-Pearson report at p. 1 ("At the time fill material within the valley was placed, the filling purpose was

waste disposal….").

By the same token, Drummond's prior attempt to sidestep its Clean Water Act § 404 liability at summary judgment establishes that there is *no* justification for its late disclosure of House-Pearson's testimony in April of 2022 – more than three years and seven months following its affirmative Motion for Summary Judgment filing when it could have attempted this maneuver (Doc. 49), and nearly three years after this Court rejected Drummond's legal arguments (Doc. 93). And, while Drummond seeks to rely on *Adams v. U.S.*, No. CV–03–49–E–BLW, 2009 WL 1085481 (D. Idaho April 20, 2009) and *Reichhold, Inc. v. U.S. Metals Refining Co.*, Civ. No. 03-453 (DRD), 2007 WL 674686 (D.N.J. Feb. 28, 2007) as justification for its late-disclosure of Ms. House-Pearson's legal opinions (see Richard Davis letter dated April 12, 2022 at 2-3, Attachment 3, PDF pp. 6-7), neither case addressed the situation presented here, where a Court had already decided the salient legal issues adverse to the proponent of the expert opinions. Indeed, in *Reichhold, Inc. v. U.S. Metals Refining Co.*, the District Court noted the long-settled principle that "[t]he ultimate legal conclusion must be made by the court,…" 2007 WL 674686 at *7. The determination of whether the Corps' 2002 definition of "fill material" would impermissibly impose liability on Drummond's prior conduct has already been decided by this Court, *e.g.,* Doc. 93 at 55, and is therefore the law of the case. *Murphy v. F.D.I.C.*, 208 F.3d 959, 966 (11th Cir.

7

2000) (explaining that "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'") (citation omitted)); *see also Cox v. Alabama State Bar*, 392 F.Supp.2d 1295, 1298 n.3 (M.D. Ala. 2005) (explaining that the doctrine "'promotes the finality and efficiency of the judicial process by protecting against the agitation of settled disputes.'") (citation omitted). Additionally, Ms. House-Pearson's testimony bearing on legal issues already decided by this Court would not "help the trier of fact to understand the evidence or to determine a fact in issue" and should therefore be excluded under Federal Rule of Evidence 702(a).

As to the final factor – degree of prejudice and whether it can be cured or ameliorated –Riverkeeper is materially prejudiced by Drummond's April 2022 disclosure of Ms. House-Pearson's expert report bearing on issues never addressed by Riverkeeper's remedial experts (applicability of pre-2002 Corps of Engineers Clean Water Act § 404 regulations in relation to Drummond's filling activities with respect to Tributary 1), at a time when Drummond was well aware that Riverkeeper would have no opportunity to disclose a counter-expert, and had every reason to believe that the legal issue had been settled in its favor in light of this Court's 2019 Memorandum and Opinion rejecting Drummond's legal arguments bearing on those issues (Doc. 93 at 49–56). As Riverkeeper's counsel explained to Drummond in attempts to avoid the necessity of raising these issues before the

8

Court, the purported opinions offered by Ms. House-Pearson were first disclosed at the eve of trial with no opportunity for Riverkeeper to designate a counter-expert, despite ample opportunity afforded to Drummond to make such a disclosure back in 2018 under this Court's scheduling orders. (B. Brock April 14, 2022 email correspondence to R. Davis, <u>Attachment 1</u>, PDF p. 1). As the Clean Water Act § 404 applicability issue governing Drummond's conduct at the Maxine Mine site has been at issue since the inception of this civil enforcement action, fundamental fairness dictates that Drummond should not be allowed to withhold its expert's opinions bearing on this ultimate legal issue until the eve of trial, only to spring it on Riverkeeper during the final round of expert designations in the guise of a "remedy" opinion.

## CONCLUSION

For the foregoing reasons, Riverkeeper respectfully requests that the Court enter an Order excluding the April 8, 2022, expert report of Ms. Cindy House-Pearson from evidence, and excluding the testimony of Ms. House-Pearson at trial under Fed.R.Civ. P. 37(c) and Federal Rule of Evidence 702.

Respectfully submitted this 2nd day of May, 2022.

/s/ Barry Brock

| | |
|---|---|
| Barry Brock (ASB-9137-B61B) | Eva L. Dillard (ASB-4118-A59E) |
| Southern Environmental Law Center | Black Warrior Riverkeeper, Inc. |
| 2829 Second Avenue S., Ste. 282 | 710 37th Street South |
| Birmingham, AL 35233 | Birmingham, AL 35222-3206 |

tel: (205) 745-3060
fax: (205) 745-3064
bbrock@selcal.org

Hutton Brown (*admitted pro hac vice*)
Christopher J. Bowers *(admitted pro hac vice)*
Southern Environmental Law Center
Ten 10th Street NW #1050
Atlanta, GA 30309
tel: (404) 521-9900
fax: (404) 521-9909
hbrown@selcga.org
cbowers@selcga.org

*Attorneys for Plaintiff*

tel: (205) 458-0095
fax: (205) 458-0094
edillard@blackwarriorriver.org

James Hecker (*admitted pro hac vice*)
Public Justice
1620 L Street NW, Ste. 630
Washington, DC 20006
tel: (202) 797-8600
fax: (202) 232-7203
jhecker@publicjustice.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2022, the foregoing **Motion in Limine to Exclude Expert Report and Testimony of Cindy House-Pearson** was filed with the Clerk of Court using the CM/ECF system which will send notifications of such filing and service copies to the following:

Richard E. Davis
William A. Davis, III
Alfred H. Perkins, Jr.
H. Thomas Wells, III
Starnes Davis Florie, LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
tel: (205) 868-6000
fax: (205) 868-6099
RDavis@starneslaw.com
WDavis@starneslaw.com
APerkins@starneslaw.com
TWells@starneslaw.com

*Attorneys for Defendant*

                                                  /s/ Barry Brock
                                                  Of Counsel